S01A0281. DEE v. THE STATE.

(545 SE2d 902)

CARLEY, Justice.

The State charged William Dee with murder. At the scene of the homicide, officers found a gun with its serial number scratched off. According to Dee, the victim brandished this weapon at him in an attempt to extort money. When Dee's ex-wife, Gayle Appelgate, informed the police that he owned an "untraceable" gun, they arranged for her to view a weapons "lineup." In this display, the gun discovered at the scene was the only one without a serial number. Ms. Appelgate chose this gun as similar to the one she had observed in Dee's home. Dee filed a motion to suppress her identification of the weapon, contending that the lineup of weapons was unduly suggestive because it included only one untraceable gun. After conducting a hearing, the trial court granted the motion, concluding that the impermissible suggestiveness tainted any identification testimony by the witness. The State filed an appeal from this ruling. During the pendency of that appeal, the trial court reconsidered and held that, although the procedure was suggestive and had infected Ms. Appelgate's ability to identify the gun, *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), did not apply so as to require exclusion of her testimony. The trial court certified this order for immediate review, and we granted the application for interlocutory appeal.

A pre-trial procedure in which either the victim or another eyewitness confronts the accused or views his photograph in an effort "to elicit identification evidence is peculiarly riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial." *United States v. Wade*, 388 U. S. 218, 228 (IV) (87 SC 1926, 18 LE2d 1149) (1967). See also *Simmons v. United States*, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968); *Gilbert v. California*, 388 U. S. 263, 272 (IV) (87 SC 1951, 18 LE2d 1178) (1967). If such an identification procedure is "so unnecessarily suggestive and conducive to irreparable mistaken identification[, the defendant is] denied due process of law." *Stovall v. Denno*, 388 U. S.

293, 302 (II) (87 SC 1967, 18 LE2d 1199) (1967). "It is the likelihood of misidentification which violates a defendant's right to due process, and it is this which [is] the basis of the exclusion of evidence. . . ." *Neil v. Biggers*, supra at 198 (III).

> If, then, a witness identifies an individual as the perpetrator of a crime, not only will that be direct and highly persuasive evidence against defendant, but also the eyewitness will be reluctant to change his identification. [Cit.] Any misidentification of a person's visage is thus likely to become irreparable. The *Wade-Gilbert-Stovall* trilogy, therefore, recognized the importance of eyewitness identifications, which, by their very nature, carry so much weight with juries, and which necessitate the *Neil v. Biggers* safeguards.

*State v. King*, 639 P2d 809, 812 (Wash. Ct. App. 1982).

The identification procedure employed in this case did not involve either a confrontation between an eyewitness and Dee or a viewing of his photograph. The police called upon Ms. Appelgate only to identify an inanimate object which she had seen in the past in a completely non-criminal context. "By the great weight of authority, the right to pretrial identification procedures is inapplicable to items of physical evidence. [Cits.]" *State v. Roscoe*, 700 P2d 1312, 1324 (Ariz. 1984). See also *Johnson v. Sublett*, 63 F3d 926, 931 (IV) (E) (9th Cir. 1995); *Inge v. Procunier*, 758 F2d 1010, 1014-1015 (4th Cir. 1985); *Hughes v. State*, 735 S2d 238, 261 (V) (Miss. 1999); *People v. Miller*, 535 NW2d 518, 523 (II) (Mich. Ct. App. 1995); *Brooks v. State*, 560 NE2d 49, 57-58 (Ind. 1990); *State v. Cyr*, 453 A2d 1315, 1317-1318 (N.H. 1982); *State v. King*, supra at 811-812; *State v. Bruns*, 304 NW2d 217, 219 (Iowa 1981); *Commonwealth v. Carter*, 414 A2d 369, 373 (Pa. Super. 1979); *People v. Coston*, 576 P2d 182, 185 (I) (Colo. Ct. App. 1977); *Inge v. Commonwealth*, 228 SE2d 563, 567 (4) (Va. 1976). Georgia is one of the jurisdictions which have found "no basis for applying the identification procedures applicable to suspects in *Neil v. Biggers* and *Simmons v. United States*" to testimony identifying inanimate objects. *Grabowski v. State*, 234 Ga. App. 222, 224 (3) (507 SE2d 472) (1998). The distinguishing factor is that the same due process concerns are not implicated in the identification of physical evidence that is allegedly connected to a crime. "The risks inherent in a misidentification of inanimate objects produced in the thousands are not the same as the risks of misidentification of unique human beings." *People v. Miller*, supra at 523 (II). "Objections in the nature of those made here rather go to the weight and sufficiency of the evidence than as a constitutional limitation on its admissibility." *Inge v. Procunier*, supra at 1015.

Because the pre-trial procedures used to determine the constitutional admissibility of identification testimony do not apply when the identity of an inanimate object is concerned, the exclusionary remedy is also inapplicable.

> [I]t has never been the case that identification of an object must be subject to the same precautions given the identification of a person. Rather, any uncertainty in the description, or suggestivity in a prior identification, goes to the weight to be accorded the testimony, not its admissibility. [Cits.]

*Commonwealth v. Carter*, supra at 373. "There is no authority holding that a defendant's due process right to reliable identification procedures extends beyond normal authenticity and identification procedures for physical evidence offered by the prosecution. [Cit.]" *Johnson v. Sublett*, supra at 932 (IV) (E). "[A]ny suggestiveness in the identification of inanimate objects is relevant to the weight, not the admissibility, of the evidence. [Cits.]" *People v. Miller*, supra at 523 (II). Thus, the proper manner for contesting Ms. Appelgate's testimony is by cross-examination at trial, not by a pre-trial motion to suppress. The jury, not the trial court, decides whether her identification of the gun is "dependable and accurate." *State v. Roscoe*, supra at 1324. See also *State v. King*, supra at 812. Therefore, the trial court properly denied the motion to suppress Ms. Appelgate's testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*Garland, Samuel & Loeb, Edward T. M. Garland, Donald F. Samuel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.