## A01A1020. WEBB v. THE STATE.

(554 SE2d 563)

ANDREWS, Presiding Judge.

Omar Webb was found guilty by a jury of two counts of armed robbery and three counts of aggravated assault which occurred when he and two accomplices invaded a residence and assaulted and robbed the occupants at gunpoint. Webb claims the trial court erroneously admitted identification testimony that was tainted by a suggestive pretrial photographic display, and that the properly admitted evidence was insufficient to support the guilty verdicts. We find no error and affirm the convictions.

In support of the charges, the State produced testimony from the occupants of an apartment that three men wearing black ski-type masks over their faces and tape on their fingers forced their way into the apartment and held three of the occupants at gunpoint while stealing money from two of them. One of the occupants called 911 when the men entered the apartment, and police responded to the call while the robberies and assaults were in progress. All three men attempted to escape from police by jumping out the second floor window of the apartment, but they were spotted by police as they jumped. One of the men, Gregory Miller, was captured by police at the scene, but the other two escaped on foot. Miller was indicted and convicted of the same offenses at a separate trial and called as a witness by the State at Webb's trial.

Miller testified that he drove to the apartment complex in Webb's car with three other men, but he denied any involvement in the robbery and refused to name the other men. At the time of the robbery, a car registered to Webb was found backed into a no-parking zone at the apartment complex with the license tag concealed, the doors unlocked, and the keys in the ignition. Inside the car, police found masking tape shaped as though it had been taped around a person's finger and a receipt from Wal-Mart dated the day of the robbery showing the purchase of three items denoted as "face mask bl."

The occupants gave police a description of the robbers, including information that they were African-American males wearing ski masks over their faces and tape on their fingers, and that one of them had a scar over his left eye that was visible through the eye opening of the ski mask. Webb, who is African-American and has a scar over his left eye and otherwise matched the description given by the occupants, was arrested and charged with the assaults and robberies. Although the occupants never identified Webb as one of the men who robbed them, they testified that Webb's scar looked like the scar visible through the ski mask of one of the robbers, and that he was about the same size as the robber with the scar.

1. Webb moved to suppress all testimony from the occupants that

his scar looked like the robber's scar on the basis that the testimony was derived from an unnecessarily suggestive photographic display by police which resulted in a substantial likelihood of misidentification under the procedures set forth in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972). He claims the trial court erred by denying his motion.

Webb pointed to the fact that, prior to trial, the prosecutor showed the occupants a single photograph of him without a mask, which showed the scar over his left eye, and asked the occupants if they recognized the scar. The occupants said that the scar looked like the scar they had seen on the masked robber, but none of them was able to identify Webb as the masked robber from the appearance of the scar or on any other basis.

We agree that, if the State had derived testimony identifying Webb as the robber from the display of the lone photograph, then due process would require that the procedural safeguards of *Neil v. Biggers* be satisfied before the identification testimony could be admitted. However, we find no basis for applying the *Neil v. Biggers* procedures in this case because no testimony identifying Webb as the robber was derived by the State from the photographic display. This is not a case where the scar visible on the masked robber was so unique that the occupants could identify Webb as the robber by testifying it was the same scar. Rather, the occupants could only say Webb's scar looked like or was similar to the scar they saw on the robber. Thus, the scar in this case was not the basis for an eyewitness identification of Webb as the robber, but was simply one more piece of physical evidence circumstantially linking Webb to the crimes. Although the scar was a vital part of the State's case against Webb when combined with other circumstantial evidence, it had little value alone.

Our Supreme Court has recently held that "[b]y the great weight of authority, the right to pretrial identification procedures is inapplicable to items of physical evidence." (Citations and punctuation omitted.) *Dee v. State*, 273 Ga. 739, 740 (545 SE2d 902) (2001). The Supreme Court reasoned in *Dee* that the identification safeguards of *Neil v. Biggers* are concerned with the risks of eyewitness misidentification of unique human beings and are not implicated by the identification of fungible inanimate objects which merely provide physical evidence linking a suspect to a crime. Similarly, the scar "identification" testimony in the present case merely provided physical evidence circumstantially linking Webb to the crimes. The robber's face was concealed in large part by the ski mask, and the scar visible above the robber's eye was not so unique that the occupants could identify it as Webb's scar. Under these circumstances, the scar testimony produced by the State was similar to other types of physical

evidence circumstantially linking Webb to the crimes and did not carry a risk of personal misidentification. Because the procedures in *Neil v. Biggers* are concerned with the risks of eyewitness misidentification of persons, they do not apply to the scar testimony produced by the State in this case. Webb's claim that the photographic display improperly suggested that his scar was similar to the masked robber's scar went to the weight and sufficiency to be given the State's scar evidence, not to its admissibility. *Dee v. State*, 273 Ga. at 740-741. The trial court did not err by denying Webb's motion seeking to exclude the testimony pursuant to *Neil v. Biggers.*

2. In addition to evidence that one of the robbers had a scar similar to Webb's scar, the State produced other circumstantial evidence linking Webb to the charged crimes. There was evidence that Webb otherwise matched the physical description of the masked robber with the scar, that Webb's car was at the scene of the robbery backed into a no-parking zone with the license tag concealed, the doors unlocked, and the keys in the ignition, and that tape similar to that seen on the robbers' fingers along with a Wal-Mart receipt for face masks like those worn by the robbers was found inside the car. The circumstantial evidence was sufficient to exclude every reasonable hypothesis save that of Webb's guilt and was sufficient to allow a rational trier of fact to conclude beyond a reasonable doubt that Webb was guilty of the charged crimes. OCGA § 24-4-6; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. There is no merit to Webb's claim that the trial court erred by sentencing him to a term of life imprisonment as a recidivist under the provisions of OCGA § 17-10-7 (a).

Because Webb was convicted of armed robbery, which carries a maximum penalty of life imprisonment, the trial court was required by the recidivist provisions of OCGA § 17-10-7 (a) to sentence Webb to life imprisonment if the State showed he had previously been convicted of a felony under Georgia law and sentenced to confinement in a penal institution. *State v. Temple*, 189 Ga. App. 284 (375 SE2d 300) (1988). The State showed that Webb had previously entered a first offender guilty plea to felony theft by taking on January 15, 1997, and that an adjudication of guilt was subsequently entered on this offense on June 11, 1998, after Webb violated the terms of his first offender probation. Upon entering an adjudication of guilt, the trial court ordered Webb released on time served and sentenced Webb to three years probation. Contrary to Webb's contention, the fact that he received a probated sentence instead of confinement after being adjudicated guilty on the prior felony did not nullify the recidivist sentencing required by OCGA § 17-10-7 (a). *Bennett v. State*, 132 Ga. App. 397, 398-399 (208 SE2d 181) (1974).

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED AUGUST 29, 2001.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Gregory K. Schwarz, Assistant District Attorneys*, for appellee.