## S03A0106. MOORE v. THE STATE.
### (583 SE2d 25)

HINES, Justice.

Bruce Stanley Moore was convicted of malice murder in 1992, and sentenced to death. In *Moore v. State*, 263 Ga. 11 (427 SE2d 766) (1993), this Court affirmed the judgment of conviction, but vacated the sentence and remanded the case for re-sentencing. At Moore's request, he was sentenced to life in prison without parole. While serving this sentence at a state prison in Tattnall County, Moore filed in the Superior Court of Floyd County, the court in which he had been tried for murder, a "Motion to Dismiss Case and Immediate Release of Defendant Pursuant to O.C.G.A. § 17-9-4." The trial court dismissed the motion, concluding that it did not have jurisdiction to address the issues Moore raised. We affirm.

Moore's motion asserted that the trial court was without jurisdiction to try his case and that he was not afforded effective assistance of counsel at trial. Such complaints implicate constitutional rights. See *Wickham v. State*, 273 Ga. 563 (544 SE2d 439) (2001); *Smith v. State*, 273 Ga. 356, 358 (2) (541 SE2d 362) (2001). Habeas corpus is the exclusive post-appeal procedure available to a criminal defendant who asserts the denial of a constitutional right. OCGA § 9-14-41; *Saleem v. Forrester*, 262 Ga. 693, 694 (424 SE2d 623) (1993). A habeas corpus action must be filed in the superior court of the county

in which the petitioner is detained, and only that court has jurisdiction over such a petition. OCGA § 9-14-43.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2003.

Bruce S. Moore, *pro se.*

Bryant G. Speed II, *District Attorney*, Fred R. Simpson, *Assistant District Attorney*, for appellee.