A03A2453. MILLER v. THE STATE.
(592 SE2d 450)

ELDRIDGE, Judge.

Richard A. Miller appeals from an order of the Bartow County Superior Court denying his "Motion to Amend Restitution Order." For the reasons that follow, we dismiss the instant appeal.

After separate jury trials under Indictment Nos. 97-1248 and 97-1244, respectively, Miller was found guilty on, inter alia, 13 counts of first degree forgery. A sentencing hearing was held in each case, wherein restitution to the victims was recommended by the State. Following each sentencing hearing, the trial court sentenced Miller to jail time followed by a probationary period. Restitution was ordered as a condition of probation and was to be paid "in accordance with a schedule of payments" to be determined by the probation officer. Restitution payments were to begin "30 days after prison release." The amount of restitution was not in dispute, since the evidence at trial as reflected in the jury's verdict showed beyond a reasonable doubt that Miller had uttered checks and received cash totaling $7,957.77 under Indictment No. 97-1244 and $838.45 under Indictment No. 97-1248. Nor did Miller contest his ability to pay the ordered restitution.

Thereafter, Miller appealed to this Court separately from the

---

judgment and sentence entered on each indictment.[1] No issue regarding sentencing was raised in either appeal. In each case, this Court affirmed the judgment and sentence entered on the jury's verdict.[2]

Several years later, Miller filed the instant "Motion to Amend Restitution Order" claiming that, at the time restitution was ordered during sentencing, the trial court failed to make specific findings about his ability to pay restitution as required by OCGA §§ 17-14-8 and 17-14-10, and thus, his sentence of restitution was improper. He claims that — at the time of sentencing — physical disabilities and chronic unemployment precluded his ability to pay restitution. The trial court denied the motion, finding it to be both untimely filed and unsupported by any evidence of an inability to pay. *Held*:

"It is the duty of this Court on its own motion to inquire into its jurisdiction to review the errors alleged on appeal."[3]

a. This case does not come to us by virtue of a revocation of Miller's probation for failure to pay restitution. In fact, there is no licit evidence of record that restitution is not currently being made to the victim. Consequently, a motion to amend restitution would appear premature in this case since, absent revocation or even a petition seeking revocation, there is no harm to Miller arising from the trial court's order. And it is axiomatic that "both error and harm must be shown to warrant a reversal on appeal."[4]

> The record does not indicate that probation revocation proceedings have been instituted against defendant for failure to pay the restitutionary amount or that, in fact, restitution is not properly being made to the victim. . . . When a defendant brings a case here he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party. In his brief [defendant] contends that he has been hurt because he has been threatened with probation revocation proceedings. . . . These facts, however, are unsupported by the record [since defendant's probation has not been revoked and a petition seeking revocation has not been filed]. This court will not engage in mere speculation.[5]

---

[1] *Miller v. State*, 235 Ga. App. 724 (510 SE2d 560) (1998); *Miller v. State*, 233 Ga. App. 814 (506 SE2d 136) (1998).

[2] Id.

[3] (Footnote omitted.) *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 654 (1) (580 SE2d 580) (2003).

[4] (Footnote omitted.) *Richardson v. State*, 253 Ga. App. 555, 556 (1) (560 SE2d 65) (2002).

[5] (Citations and punctuation omitted.) *Morrison v. State*, 181 Ga. App. 440, 443 (352 SE2d 622) (1987).

b. Further, our jurisdictional review is guided by the principle that "courts are not bound by the designation given motions by the parties and that we look to substance over nomenclature."[6] In that regard, although Miller styled his pleading a "Motion to Amend Restitution Order," the substance of the motion seeks to vacate that portion of the original judgment and sentence ordering restitution because of the trial court's failure to comply with OCGA §§ 17-14-8 and 17-14-10.[7] In furtherance of this claim, Miller is also alleging ineffective assistance of trial counsel because his attorney failed to object to the imposition of the judgment and sentence absent compliance with OCGA §§ 17-14-8 and 17-14-10. This attack on the original judgment and sentence imposed by the trial court is subject to direct appeal.[8]

Miller, however, has already had a direct appeal from each judgment and sentence he now wishes to challenge, and this Court has affirmed each. He alleges no change of condition or any new factors for consideration; instead, in order to support his current claims, Miller relies solely on circumstances as they existed at the time of the entry of judgment. "[A] defendant is not entitled to a second direct appeal from his judgment of conviction."[9] A defendant who has had a conviction affirmed on direct appeal may obtain further review of the judgment of conviction "by filing an extraordinary motion for new trial or a petition for writ of habeas corpus."[10]

c. Notably, Miller does not claim that his sentence is "void" for failure to comply with OCGA §§ 17-14-8 and 17-14-10.[11] Indeed, such assertion would be unavailing, since clearly Miller's sentence to probation with restitution as a condition of probation is a "sentence[ ] allowed under the law."[12] The requirements of OCGA §§ 17-14-8 and 17-14-10, like the pre-sentence hearing requirements of OCGA § 17-10-2, are procedural and not substantive in nature. And the failure to adhere to such procedures, while subject to *timely* appellate review

---

[6] (Citations omitted.) *Cain v. State*, 275 Ga. 784, 786 (573 SE2d 46) (2002).

[7] See OCGA § 17-14-2 (8) (" 'Restitution order' means any order, decree, or judgment of an ordering authority which requires an offender to make restitution as a condition or term of any relief granted to an offender.").

[8] OCGA § 5-6-34 (a).

[9] *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002), citing *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001). See also *Cox v. Hillyer*, 65 Ga. 57 (1) (1880) (general rule is that second appeal is not permitted from a criminal judgment of conviction affirmed on appeal); *Grant v. State*, 159 Ga. App. 2, 3 (282 SE2d 668) (1981).

[10] *Richards v. State*, supra at 191, n. 1, citing *Grant v. State*, supra.

[11] Compare *Williams v. State*, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999) ("a direct appeal should lie from the denial of a motion attacking a sentence on the ground that it is void").

[12] Id. at 690-691 (2) ("a sentence is void if the court imposes punishment that the law does not allow") (citation, punctuation and footnote omitted). See *Morrison v. State*, supra at 441 (court-ordered restitution may be imposed as a condition of probation).

as to whether sentence was "lawfully imposed,"[13] does not render sentences imposed without such procedures "void" so as to secure appellate review absent a legitimate claim of "void sentence."[14]

> Looking at the substance of the motions rather than their nomenclature, the motions did not seek to vacate a void sentence, see OCGA § 17-9-4, but rather constituted improper attempts by [Miller] to obtain a second appeal from [his] convictions.[15]

Before this Court, Miller raises no issue authorizing a second appeal of the judgment and sentence entered on the jury's verdict in either Indictment No. 97-1248 or No. 97-1244, and the instant contention could have been raised in either or both of his prior direct appeals. The fact that Miller's current claim of error differs from those raised previously "does not alter the binding effect of our previous opinion[s]. In the absence of a change in the evidence or the law, [Miller] is not entitled to multiple bites at the apple."[16] This appeal is dismissed.

*Appeal dismissed. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 16, 2003.

Richard A. Miller, *pro se.*
T. Joseph Campbell, *District Attorney,* Erik J. Pirozzi, *Assistant District Attorney,* for appellee.

---

[13] See, e.g., *Morrison v. State*, supra at 440 ("This [C]ourt is not empowered to modify a sentence which is within the statutory limits and lawfully imposed. [Cit.] Thus, our initial inquiry is whether the sentence was properly imposed by the trial court.") (punctuation omitted).

[14] *Williams v. State*, supra at 691 ("a sentence imposed by a trial court in a non-death penalty case is not rendered void by the court's failure to conduct a presentence hearing under OCGA § 17-10-2"); accord *Turner v. State*, 259 Ga. App. 902 (1) (578 SE2d 570) (2003).

[15] *Felder v. State*, 274 Ga. 870, 871 (561 SE2d 88) (2002).

[16] *Day v. State*, 242 Ga. App. 899, 901 (2) (531 SE2d 781) (2000); accord *Mann v. State*, 259 Ga. App. 553, 554 (2) (578 SE2d 238) (2003). See also *Jackson v. State*, supra at 320 ("[Defendant] did appeal, and his contentions were given due consideration. He is not entitled to another bite at the apple by way of a second appeal."), citing *South Ga. Med. Center v. Washington*, 269 Ga. 366, 367 (1) (497 SE2d 793) (1998) (an appellate ruling in a case is binding in all subsequent proceedings); *Llewellyn v. State*, 252 Ga. 426, 428 (2) (314 SE2d 227) (1984) (litigation must come to an end).