## A04A1447. JOHNSON v. THE STATE.
### (612 SE2d 29)

ADAMS, Judge.

Lucious L. Johnson was convicted of three counts of aggravated assault, one count of rape and one count of false imprisonment. We affirmed his conviction for these offenses in *Johnson v. State*, 238 Ga. App. 677 (520 SE2d 221) (1999). On June 19, 2003, Johnson, pro se, filed a "Motion to Vacate Null and Void Sentences." Subsequently, on January 5, 2004, Johnson also filed an extraordinary motion for new trial, which he later amended. The trial court entered an order merging Johnson's conviction for aggravated assault with intent to rape (Count 1) with his conviction for rape (Count 4) and vacated his sentence on Count 1. The trial court denied the remainder of Johnson's motion to correct void sentences and denied Johnson's extraordinary motion for new trial. This appeal followed.[1]

1. First we note that Johnson has filed several briefs on appeal, none of which comply with the rules of this Court governing spacing and margins. Court of Appeals Rule 23. Nevertheless, this Court has attempted to consider Johnson's numerous arguments, despite the difficulty in reading his briefs.

Turning to the substance of Johnson's appeal, in his first five enumerations of error, Johnson contends that the trial court erred by not merging or vacating the remainder of his convictions. These enumerations appear to be, in essence, an attempt to reassert the general grounds. However, this Court has previously found the evidence sufficient to support the convictions, *Johnson v. State*, 238 Ga. App. at 677-678 (1), and our previous opinion is binding on this claim. "In the absence of a change in the evidence or the law, [Johnson] is not entitled to multiple bites at the apple." (Punctuation and footnote omitted.) *Miller v. State*, 264 Ga. App. 801, 804 (c) (592 SE2d 450) (2003); *Miller v. State*, 264 Ga. App. 801, 804 (c) (592 SE2d 450) (2003); *Jackson v. State*, 273 Ga. 320 (540 SE2d 612)

---

[1] Because the denial of a motion to correct a void sentence is directly appealable, we granted Johnson's application for discretionary appeal under the authority of OCGA § 5-6-35 (j).

(2001); *Daniels v. State*, 244 Ga. App. 522 (536 SE2d 206) (2000). Moreover, our review shows that the trial court correctly denied Johnson's motion to vacate as to the remaining convictions and sentences because these offenses did not merge as a matter of fact or law in this case.

2. Johnson challenges the court's charge to the jury in his sixth enumeration of error. Again, however, these contentions could and should have been raised in Johnson's previous appeal to this Court. *Miller v. State*, 264 Ga. App. at 804.

3. In his seventh enumeration of error, Johnson argues the trial court erred by sentencing him as a recidivist. Although his argument is somewhat unclear, apparently his contention is that a probated portion of the sentence on one of his prior felony convictions was illegally revoked. However, we fail to see how this assertion, which is wholly unsupported by the record, has any bearing on the sentence imposed in this case. Moreover, the fact that a part of his sentence on the prior felony was probated does not mean that previous conviction could not be used to sentence him as a recidivist under OCGA § 17-10-7 (a). *Webb v. State*, 251 Ga. App. 414, 416 (3) (554 SE2d 563) (2001); *Bennett v. State*, 132 Ga. App. 397, 399 (3) (208 SE2d 181) (1974). This enumeration is thus without merit.

4. Johnson next contends the trial court erred in denying his extraordinary motion and amended extraordinary motion for new trial.[2]

(a) To the extent this motion was premised on the alleged discovery of new evidence, we find that Johnson has failed to satisfy the six requirements that are a prerequisite to the grant of a new trial on this basis. See *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). The trial court did not abuse its discretion in denying the motion on this basis.

(b) Johnson also contends the trial court erred by denying his request for DNA testing pursuant to OCGA § 5-5-41 (c) (1), by failing to hold a hearing on that request and by failing to enter written findings supporting the denial of his request. Our Supreme Court has held that this "statute requires a trial court to conduct a hearing *only if* a defendant's motion 'complies with the requirements of paragraphs (3) and (4)' of the statute. OCGA § 5-5-41 (c) (6) (A)." *Crawford v. State*, 278 Ga. 95, 96 (2) (a) (597 SE2d 403) (2004). Although Johnson was not entitled to a hearing unless his motion comported with the requirements set forth in paragraphs (3) and (4), subsection

---

[2] Pretermitting the accuracy of Johnson's claims that the Harris County Superior Court Clerk did not timely file his amended extraordinary motion for new trial, it appears that Johnson's motion was considered on the merits, and thus Johnson was not harmed by this alleged late filing.

(c) (12) provides that "[t]he judge *shall* set forth by written order the rationale for the grant or denial of the motion for new trial filed pursuant to this subsection." (Emphasis supplied.) OCGA § 5-5-41 (c) (12). In this case the trial court simply denied the motion without explanation; it did not make a determination concerning whether Johnson was entitled to a hearing on his motion, and it did not otherwise set forth any rationale or basis for denying the motion. We therefore remand this case to the trial court for a determination of whether Johnson is entitled to a hearing on his motion, and for the entry of a written order setting forth the basis for either the grant or denial of the motion. See *Crawford v. State*, 278 Ga. at 96-98. If the trial court determines that Johnson is not entitled to a hearing because his motion does not meet the statutory prerequisites, then that finding must also be set forth in writing.

5. Johnson also contends that he received ineffective assistance of counsel at trial and during his first appeal to this Court. However,

> [h]abeas corpus is the exclusive post-appeal procedure available to a criminal defendant who asserts the denial of a constitutional right [such as effective assistance of counsel]. OCGA § 9-14-41; *Saleem v. Forrester*, 262 Ga. 693, 694 (424 SE2d 623) (1993). A habeas corpus action must be filed in the superior court of the county in which the petitioner is detained, and only that court has jurisdiction over such a petition. OCGA § 9-14-43.

*Moore v. State*, 276 Ga. 711-712 (583 SE2d 25) (2003). The record shows that at the time Johnson filed his amended extraordinary motion for new trial raising these contentions he was incarcerated in a different county from that in which he was tried and brought his motions. That motion, therefore, cannot be treated as a petition for writ of habeas corpus, and the trial court was without authority to consider these contentions.[3] Id.; *Goodrum v. State*, 259 Ga. App. 704, 705 (578 SE2d 484) (2003).

6. The remainder of Johnson's briefs appear to be devoted to reasserting the arguments originally made and rejected by this Court in his previous appeal, to challenging this Court's ruling in that previous appeal or to asserting arguments he could and should have made in that previous appeal. "It is axiomatic that the same issue cannot be relitigated ad infinitum. [Cit.]" *Horton v. State*, 189 Ga.

---

[3] The trial court did not expressly rule on these contentions in denying the motion.

App. 370 (375 SE2d 668) (1988). These arguments therefore present nothing for this Court to review, and no basis for overturning Johnson's conviction.

*Judgment affirmed and case remanded with direction. Ruffin, C. J., and Bernes, J., concur.*

DECIDED MARCH 3, 2005 —
RECONSIDERATION DENIED MARCH 21, 2005 —

Lucious L. Johnson, *pro se.*

Thurbert E. Baker, Attorney General, J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney, for appellee.