# Court of Appeals
# of the State of Georgia

ATLANTA,  February 02, 2015

*The Court of Appeals hereby passes the following order:*

## A15D0225.  LUCIOUS L. JOHNSON v. THE STATE.

Lucious Johnson was convicted of aggravated assault, rape, and false imprisonment, and we affirmed his convictions on appeal. *Johnson v. State*, 238 Ga. App. 577 (520 SE2d 221) (1999).  Johnson later filed a motion to vacate a void sentence and an extraordinary motion for new trial.  The trial court merged two of his convictions and vacated his sentence as to one count but otherwise denied the motions, and we again affirmed on appeal. *Johnson v. State*, 272 Ga. App. 294 (612 SE2d 29) (2005).  Johnson then filed another motion to vacate a void sentence, along with other pro se motions.  The trial court denied the motions, and once more we affirmed, this time in an unpublished opinion. *Johnson v. State*, Case No. A13A1411, decided July 16, 2013.

Back in the trial court, Johnson filed new pro se motions, including a motion for an out-of-time appeal and a motion for relief from convictions due to actual innocence.  The trial court denied the motions on the ground that its prior orders were "*res judicata* as to these matters."  Johnson then filed this application for discretionary review.  We lack jurisdiction.

To the extent that Johnson seeks another appeal from his convictions, he is not entitled to one.  "An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal. . . . [I]t is not a remedy available to a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal since that defendant is not entitled to a second direct appeal from his judgment of conviction." *Milliken v. State*, 259 Ga. App. 144, 145 (575 SE2d 910) (2003) (punctuation and citation omitted).  Johnson has already had multiple appeals to this

Court and may not have yet another one. Accordingly, his appeal from the denial of his motions for out-of-time appeal must be dismissed. See *Brown v. State*, 296 Ga. App. 224 (674 SE2d 91) (2009) (dismissing appeal from denial of motion for out-of-time appeal because defendant "has already had a direct appeal, and raises no arguments now that he could not have raised then").[1]

To the extent that Johnson seeks to set aside his convictions, the Supreme Court has made clear that "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Further, any appeal from an order denying such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

For these reasons, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*    02/02/2015
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] To the extent that Johnson's request for an out-of-time appeal was based on his claim that he received ineffective assistance of appellate counsel, we reiterate that his exclusive remedy is a petition for writ of habeas corpus. See *Johnson*, 272 Ga. App. at 296 (5).