# Court of Appeals
# of the State of Georgia

ATLANTA,    April 08, 2015

*The Court of Appeals hereby passes the following order:*

## A15A1214. LUCIOUS L. JOHNSON v. THE STATE.

Lucious Johnson was convicted in 1996 of three counts of aggravated assault, one count of rape, and one count of false imprisonment. His convictions were affirmed by this Court in *Johnson v. State*, 238 Ga. App. 677 (520 SE2d 221) (1999). Johnson later filed a motion to vacate a void sentence and an extraordinary motion for new trial. The trial court merged two of his convictions and vacated his sentence as to one count but otherwise denied the motions, and we again affirmed on appeal. *Johnson v. State*, 272 Ga. App. 294 (612 SE2d 29) (2005). Johnson then filed another motion to vacate a void sentence, along with other pro se motions. The trial court denied the motions, and once more we affirmed, this time in an unpublished opinion. *Johnson v. State*, Case No. A13A1411 (decided July 16, 2013). Johnson subsequently filed additional pro se motions, including a motion for an out-of-time appeal and a motion for relief from convictions due to actual innocence. The trial court denied the motions on the ground that its prior orders were "*res judicata* as to these matters." Johnson filed an application for discretionary appeal from this order, which we dismissed, specifically noting that Johnson was not entitled to an out-of-time appeal and that a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case. *Johnson v. State*, Case No. A15D0225 (dismissed February 2, 2015). This case is a direct appeal from the trial court's order denying Johnson's pro se motions on *res judicata* grounds. We lack jurisdiction.

Because Johnson has already had a direct appeal, he cannot appeal from the trial court's denial of his motion for an out-of-time appeal. See *Richards v. State*, 275 Ga 190 (563 SE2d 856) (2002). Moreover, "[i]t is well established that any issue

that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court, and that the law of the case doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." (Citation and punctuation omitted.) *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011). Prior to this appeal, Johnson filed numerous appeals challenging orders of the trial court. In all these appeals, we affirmed the trial court's rulings denying Johnson's pro se motions. We are precluded from revisiting an issue that has already been decided. See *Ross*, supra at 328. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 04/08/2015

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*