# Court of Appeals
# of the State of Georgia

ATLANTA,  August 23, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1729. LUCIOUS JOHNSON v. THE STATE.**

Lucious Johnson filed this direct appeal from the trial court's order denying his "Motion for Reconsideration and Motion to Vacate Punishment that the Law Doesn't Allow." This Court, however, lacks jurisdiction.

In 1996, Johnson was convicted of three counts of aggravated assault, one count of rape and one count of false imprisonment.[1] We affirmed his convictions on appeal. See *Johnson v. State*, 238 Ga. App. 677 (520 SE2d 221) (1999). Johnson thereafter filed a motion to vacate void sentence and an extraordinary motion for new trial. The trial court entered an order merging Count 1 (aggravated assault with intent to rape) with Count 4 (rape) and vacated his sentence on Count 1, but denied the remainder of his motion to vacate void sentence and his extraordinary motion for new trial. Johnson appealed, and we again affirmed the judgment holding, among other things, that his challenges to the sentence lacked merit. See *Johnson v. State*, 272 Ga. App. 294, 294-295 (1), (3) (612 SE2d 29) (2005). Johnson then filed another motion to vacate void sentence, which the trial court denied. This Court affirmed that judgment, concluding that Johnson failed to show that his sentence is void. See Case No. A13A1411 (affirmed Jul. 16, 2013). Johnson later filed additional motions, including a motion for out-of-time appeal and a motion for relief due to actual

---

[1] Count 1- aggravated assault with intent to rape (assault by striking N.B. with a stick and holding her down); Count 2 - aggravated assault (assault by striking N.B. in the head with a stick in a manner likely to result in serious bodily injury); Count 3 - aggravated assault (assault by threatening N.B. with a screwdriver); Count 4 - rape; Count 5 - false imprisonment.

innocence. He filed an application for discretionary appeal and a direct appeal from the trial court's order denying those motions, which we dismissed. See Case Nos. A15D0225 (dismissed Feb. 2, 2015); A15A1214 (dismissed Apr. 8, 2015). Johnson filed more motions, and we dismissed his direct appeal from the order denying those motions. See Case No. A18A1921 (dismissed Jul. 18, 2018). He next filed a motion for new trial and for appointment of counsel, challenging the convictions and asserting that he received ineffective assistance of counsel. We dismissed the application for discretionary appeal Johnson filed from the order denying that motion, explaining that his motion was not one of the available methods for challenging his convictions on appeal. See Case No. A20D0382 (dismissed Jun. 5, 2020).

In this appeal, Johnson seeks review of the trial court's order denying his motion for reconsideration and motion to vacate punishment. In that motion, he alleged that Counts 1 and 4 did not merge because Count 1 was not proved; that res judicata does not apply because his claims were dismissed rather than adjudicated on the merits; and that his sentence is barred by double jeopardy.

"It is axiomatic that the same issue cannot be relitigated ad infinitum." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000). Given that Johnson previously appealed the same sentences and convictions, this current appeal is barred. See *Norris v. Norris*, 281 Ga. 566, 567-568 (2) (642 SE2d 34) (2007) (res judicata barred claim that had been raised in a prior appeal which the Court had dismissed); *Paradise v. State*, 321 Ga. App. 371, 373 (740 SE2d 238) (2013) (although a void sentence may be challenged at any time, this principle is nevertheless subject to the equally well-established principles of res judicata and the law-of-the-case rule); *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (a void sentence is subject to res judicata and law-of-the-case rule, and a defendant is "not entitled to multiple bites at the apple").

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
　　　　*Clerk's Office, Atlanta,__08/23/2023_____*

　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ *, Clerk.*