# Court of Appeals
# of the State of Georgia

ATLANTA,  October 20, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1781. EUGENE JEROME HOWARD v. THE STATE.**

This is Eugene Jerome Howard's fourth appearance in this Court. In 2003, Howard appealed his conviction for two counts of child molestation and two counts of aggravated child molestation, and we affirmed his convictions in an unpublished opinion. See *Howard v. State*, Case No. A04A0640 (decided Mar. 23, 2004). Howard subsequently filed an extraordinary motion for new trial, which the trial court denied. We dismissed as untimely Howard's application for discretionary appeal from that order. See Case No. A15D0283 (decided Mar. 19, 2015). Howard then filed a motion to modify his sentence, which the trial court denied. We denied Howard's subsequent application for discretionary appeal. See Case No. A18D0459 (decided June 7, 2018).

Years later, Howard filed a series of pro se motions challenging the validity of his convictions and sentence, including a "Motion to Modify Sentence." The trial court denied that motion on June 16, 2023. On July 11, 2023, Howard filed a notice of appeal, purporting to appeal from "the judgment of a decision entered herein on March 4, 2003" – the date his judgment of conviction was entered. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the order or judgment sought to be appealed. OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Redford v. State*, 357 Ga. App. 247, 250 (850 SE2d 447) (2020) (citation and punctuation omitted). Thus, the instant appeal – filed 20 years after

Howard's March 2003 judgment of conviction – is untimely.[1] Moreover, Howard has already had a direct appeal from his judgment of conviction and sentence. It is well established that "[a] defendant is not entitled to a second direct appeal from his judgment of conviction." *Miller v. State*, 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003) (citation and punctuation omitted). Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* __10/20/2023__

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] We note that while Howard's notice of appeal is timely as to the trial court's June 2023 denial of his motion to modify his sentence, it did not initiate an appeal of that order. Howard only specified in his notice of appeal that he was appealing the trial court's March 4, 2003 order, and his appellate brief does not argue the denial of his motion to modify his sentence as error. See OCGA § 5-6-37 (requiring a notice of appeal to set forth the order to be appealed); *Williams v. State*, 178 Ga. App. 581, 587 (5) (344 SE2d 247) (1986) ("Our jurisdiction is limited to consideration of the legal points raised by enumerations of error.") (citation and punctuation omitted).