28506. HAYES *v.* THE STATE.

DECIDED OCTOBER 16, 1940.

*R. Earl Camp,* for plaintiff in error.
*Stanley A. Reese, solicitor,* contra.

GARDNER, J. The defendant was convicted of the larceny of certain wearing apparel, a dress worth about $11 found on the defend-

ant, and a two-piece lady's wool dress worth about $25, which was found hanging on the wall in the defendant's home by the sheriff, by authority of a search warrant. Missing from the home were handkerchiefs and hose, and according to the witness, "All the clothes that me and my husband had." No articles were recovered except the dresses and a slip. The evidence for the State further showed that the defendant worked for an occupant of an apartment adjoining the one from which the articles were alleged to have been taken, and that a fire destroyed the closet in which the owner kept the clothing for the family. It further showed that all the articles of the family were accounted for by remnants not entirely destroyed by the fire, other than the articles mentioned in the testimony, and that articles recovered, had they been in the closet, would not have been burned to the extent that they could not have been recognized. After arrest, the defendant told the owner: "She told one that she had some more of my things at her house; . . she told me she had my things when they carried her to the jail, and that she would tell me all about the things if I would not let them put her in jail." The evidence further showed that the defendant, in the presence of others, after the arrest, stated to the owner that she had purchased the articles from a yellow negro, whose name she did not know, for $2.25, on the corner of Johnson and Franklin Streets. Other evidence to the effect that a negro of like description, given by the defendant as the one from whom she had purchased the articles, had been seen on the streets and around the City of Dublin, for several weeks, selling second-hand clothing. Most of the evidence, as to this feature, was introduced by the defendant. No one knew the name of the alleged seller. The defendant in her statement contended that she had purchased the articles for $2.25 from a negro man of the same description as that which she gave to the officers and the owner of the property shortly after being arrested. This in substance includes the evidence for the State and for the defendant, and the defendant's statement.

Larceny is almost always committed in secrecy, and the possession of the stolen articles recently after the asportation plays a very prominent part. In practically all honest transactions it is an easy matter to explain acquisition. If the acquisition has not been in good faith, it is most difficult to make a satisfactory ex-

planation. In order that the possession of stolen personalty may be accounted for in a manner fair to one who has honestly acquired it and just to one who has not, it is the law that the recent possession of stolen property, unsatisfactorily explained to the jury, is sufficient upon which to base a conviction. In this case there is no dispute that the articles had been stolen by some one. Recently thereafter they were found in the possession of the defendant. She made statements from which may be inferred incriminating admissions, to wit, "She told me that she had some more of my things at her house." This would indicate that she must have gotten acquainted with the articles when she carried them from the closet in the apartment adjoining that in which she worked. To the same effect is the following statement: "She told me she had my things when they carried her to the jail, and that she would tell me all about the things. . ." Aside from this, the circumstance of the small sum she paid for the articles, together with the circumstance that she did not know from whom she obtained them, and other inferences which the jury were authorized to draw under the facts in this case, are sufficient to sustain the finding of the jury.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*