## A04A0495. HERRINGTON v. THE STATE.
### (594 SE2d 682)

ELDRIDGE, Judge.

This is an appeal from the denial of an "extraordinary motion for new trial." The tortuous procedural journey by which the instant

---

appeal comes to us bears recounting as background to an accurate resolution.

A Richmond County jury found Clifford Maurice Herrington guilty of two counts of armed robbery. On February 26, 1998, the Superior Court of Richmond County properly sentenced Herrington as a recidivist. On March 29, 2000, the judgment and sentence entered on the verdict were affirmed by this Court.[1] In so doing, we found that Herrington's claim concerning an alleged improper communication between the bailiff and the jury was waived for failure to object.[2] No allegation of ineffective assistance of counsel was raised in the trial court or in this Court, although Herrington was not represented on appeal by the same counsel who represented him at trial.

Herrington filed a petition for writ of habeas corpus in the Superior Court of Telfair County.[3] In it, he alleged ineffective assistance of counsel at trial because his trial attorney failed to object to the purportedly improper communication between bailiff and jury; he also alleged ineffective assistance of *appellate* counsel for failure to raise in the trial court the above claim of ineffective assistance against his trial attorney. At the habeas evidentiary hearing, appellate counsel apparently testified that he considered raising a claim of ineffective assistance of trial counsel, but he was "reluctant" to make that type of accusation against a fellow attorney.

In resolving the "error" prong of the two-prong *Strickland*[4] analysis, the habeas court found that Herrington received ineffective assistance of appellate counsel, because his appellate attorney erroneously failed to raise the above claim of ineffectiveness against trial counsel. The next step under *Strickland* should have been a decision on the "prejudice" prong. This would have required the habeas court to determine whether appellate counsel's failure to raise an ineffectiveness claim against Herrington's trial attorney for not objecting to the bailiff/jury communication "was a reasonable tactical move which any competent attorney in the same situation would have made."[5] Such decision must necessarily turn, inter alia, on whether the contention of "improper communication" had *actual merit,* since trial counsel would not be ineffective for failing to raise a meritless objec-

---

[1] *Herrington v. State,* 243 Ga. App. 265 (533 SE2d 133) (2000).

[2] Id. at 266 (1).

[3] *Herrington v. Thompson,* 00CV-509.

[4] *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See *Gordillo v. State,* 255 Ga. App. 73, 78 (3) (e) (564 SE2d 486) (2002) ("The applicable standard is found in the two-prong *Strickland v. Washington*[, supra,] analysis under which a defendant has the burden to show both attorney error and prejudice so that the validity of the outcome of the trial is called into question.").

[5] (Citation and punctuation omitted.) *Shorter v. Waters,* 275 Ga. 581, 585 (571 SE2d 373) (2002).

tion[6] and, a fortiori, appellate counsel would not be ineffective for failing to call him to task on that issue.

The habeas court, however, did not undertake this analysis. Instead, that court established a new standard; the habeas court concluded that, if there is sufficient evidence of record to raise a claim against trial counsel, appellate counsel should have raised it — regardless of its merits:

> Although this Court is not making a finding as to trial counsels' alleged ineffectiveness, this Court does find that there was sufficient evidence in the record for Petitioner's appellate counsel to raise such a claim on direct appeal [and] the Court of Appeals was unable to consider the merits of Petitioner's claims and the Petitioner was not afforded the opportunity for an evidentiary hearing on these claims.

In furtherance of this finding, the habeas court fashioned its own remedy; that court remanded Herrington's case to the trial court, i.e., Richmond County Superior Court, and ordered that Herrington be granted an "extraordinary motion for new trial" so that the trial court, rather than the habeas court, could make a "determination of whether the Petitioner's trial counsel rendered ineffective assistance of counsel." And, ostensibly, this Court would then review his claims.

Herrington filed his extraordinary motion for new trial, alleging ineffectiveness against his trial attorney for failing to object to the bailiff/jury communication. On January 16, 2003, the Richmond County trial court entered an order "Denying Extraordinary Motion for New Trial," finding that "defendant's trial counsel was not ineffective and was in fact capable and competent in the manner in which he represented the defendant."

Thereafter, in this Court, Herrington filed an untimely notice of direct appeal from the order denying his extraordinary motion for new trial, which appeal was dismissed for lack of jurisdiction. He next filed a motion for "out-of-time appeal" with regard to the denial of his extraordinary motion for new trial. On October 8, 2003, the trial court granted the motion for out-of-time appeal. Herrington timely filed a notice of direct appeal in this Court on October 16, 2003. His notice states that he "appeals to the Court of Appeals from the judgment of conviction and sentence entered herein on February 26, 1998." *Held:*

"It is always the duty of a court to inquire into its jurisdiction, upon its own motion where there is doubt."[7] The procedural history of

---

[6] *Hayes v. State*, 262 Ga. 881, 884-885 (3) (426 SE2d 886) (1993).

[7] (Citation and punctuation omitted.) *State v. Sterling*, 244 Ga. App. 328, 330 (3) (535 SE2d 329) (2000).

this case appears so fraught with error that substantial doubt is engendered. And, in fact, there are several grounds upon which we could cursorily dismiss this appeal. For one, a direct appeal to this Court will not lie from the denial of an "extraordinary motion for new trial" when separate from an original appeal.[8] Another, the trial court's grant of an out-of-time appeal was improper, since it is a remedy available only to a criminal defendant whose conviction has not been reviewed by an appellate court on direct appeal, and Herrington "is not entitled to another bite at the apple by way of a second appeal."[9] And another, a claim of ineffective assistance of trial counsel cannot form the basis for an "extraordinary motion for new trial" when, as here, such claim could have been raised earlier; in such an instance, a petition for writ of habeas corpus is "the exclusive post-appeal procedure available."[10]

This Court, however, takes very seriously its mandate "to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein."[11] For this reason, the appellate courts of this State follow "an elementary rule of pleading that substance, not mere nomenclature, controls" when engaging in jurisdictional review.[12] The application of such "elementary rule" reaches its ethical zenith when, as it appears here, errors abound that could preclude appellate review — through no fault of the appellant. In such instance, extra care must be taken. And our jurisdictional review considers content and context to determine what lies before us.

The Telfair County habeas court had no authority to remand to the Richmond County trial court to consider an ineffectiveness of counsel claim.[13] Moreover, the Superior Court of Telfair County had no jurisdiction to order the grant of an "extraordinary motion for new trial" in the Superior Court of Richmond County.[14] Thus, the habeas court's final order transferring Herrington's ineffective assistance of counsel claims to Richmond County "was void ab initio as an unauthorized exercise of authority."[15]

The Richmond County trial court's review of Herrington's claims against his trial attorney is, in effect, the second prong of the *Strick-*

---

[8] OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327 (489 SE2d 129) (1997).

[9] (Citations omitted.) *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001). See also *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002); *Daniels v. State*, 244 Ga. App. 522 (536 SE2d 206) (2000).

[10] *State v. Smith*, 276 Ga. 14, 15 (1) (573 SE2d 64) (2002).

[11] *Felix v. State*, 271 Ga. 534, 535 (523 SE2d 1) (1999).

[12] *Birt v. State*, 256 Ga. 483, 485 (3) (350 SE2d 241) (1986).

[13] *Jones v. Whatley*, Case No. S92A1499 (December 2, 1992); accord *Whatley v. State*, 218 Ga. App. 608, 609 (462 SE2d 779) (1995).

[14] *Milliken v. State*, 259 Ga. App. 144, 145 (575 SE2d 910) (2003).

[15] Id.

*land* analysis that the Telfair County habeas court should have performed on Herrington's claims of ineffective counsel at trial and on appeal.

> [T]he habeas corpus court is the appropriate judicial entity to consider both the ineffective assistance of counsel claim and the underlying and connected trial error, and to determine whether the habeas corpus petitioner is entitled to a new trial. When the issue is one that could not have been raised in the prior, perfected direct appeal, i.e., ineffective assistance of *appellate* counsel, a petition for Writ of Habeas Corpus is the proper vehicle to utilize for the development of a record and subsequent review of the substantive claim.[16]

The soundness of this "one court decides all" approach is sharply illustrated in this case. Here, the trial court concluded that Herrington's ineffectiveness claim against his trial attorney was completely meritless; this finding invalidates the habeas court's determination that appellate counsel was ineffective for failing to level such claim. It is axiomatic that the "[f]ailure to make a meritless objection cannot be evidence of ineffective assistance of counsel."[17]

Because of the actions of the Telfair County habeas court in transferring the claims contained in Herrington's petition for writ of habeas corpus for resolution in the trial court, that court's order finding Herrington's trial attorney effective and denying the "extraordinary motion for new trial" is, essentially, the final determination of Herrington's habeas claims alleging ineffectiveness of counsel at trial and on appeal. Thus,

> [Herrington's] extraordinary motion for new trial must be [considered] as a petition for a writ of habeas corpus.[18]

The Supreme Court of Georgia has exclusive jurisdiction over habeas cases.[19] To further complicate matters, however, the Richmond County trial court was without subject matter jurisdiction to entertain Herrington's habeas claim.[20] Thus, the trial court's order on Herrington's "extraordinary motion for new trial"/habeas petition is a

---

[16] (Citation and punctuation omitted; emphasis supplied.) *Milliken v. Stewart*, 276 Ga. 712, 713 (583 SE2d 30) (2003).

[17] (Footnote omitted.) *Landers v. State*, 255 Ga. App. 410, 412 (3) (565 SE2d 585) (2002).

[18] *State v. Smith*, supra at 15 (1).

[19] *Fullwood v. Sivley*, 271 Ga. 248, 249 (517 SE2d 511) (1999).

[20] *State v. Smith*, supra at 15 (2) (venue for habeas cases is the county in which petitioner is detained).

nullity and void,[21] and we cannot simply transfer the instant case to the Supreme Court to consider the grant of a certificate of probable cause.[22]

So, albeit not for the cursory reasons manifest at first glance, we must, in fact, dismiss this appeal for lack of subject matter jurisdiction. But to what end? Since the Telfair County habeas court's order transferring Herrington's habeas claims of ineffective assistance of counsel to the Richmond County trial court was void ab initio as an unauthorized exercise of authority, and since the Richmond County trial court's order on Herrington's habeas claims of ineffective assistance of counsel is null and void for lack of jurisdiction, Herrington's habeas claims have not been decided and await resolution by a court of competent jurisdiction. This is due solely to decisions made by the Telfair County habeas court, and a cure is not assured by any action Herrington can take.[23] Accordingly, with no expression as to the merits of Herrington's allegations, we remand this case to the Superior Court of Telfair County for resolution of Herrington's outstanding habeas claims of ineffective assistance of counsel, with the final order subject to the appellate procedures outlined in OCGA § 9-14-52.[24]

*Appeal dismissed. Case remanded to the Superior Court of Telfair County. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 5, 2004.

*Randolph Frails*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[21] OCGA § 9-12-16.

[22] OCGA § 9-14-52 (b).

[23] A second habeas petition is subject to dismissal as successive, OCGA § 9-14-15, and "[h]abeas corpus is the exclusive post-appeal procedure available to a criminal defendant who asserts the denial of a constitutional right." (Citations omitted.) *State v. Smith*, supra at 15 (1).

[24] *Milliken v. State*, supra at 146. See *Milliken v. Stewart*, supra at 714.