## A04A1362. JETER v. THE STATE.

(603 SE2d 783)

BARNES, Judge.

David Jeter appeals the trial court's dismissal of his motion to reopen his case. Jeter contends the trial court erred by doing so because the court improperly forfeited his bond. We disagree, and affirm.

Jeter's motion contended that after a mistrial was granted during an earlier trial for violations of OCGA §§ 40-6-391 (a) (5) (driving under the influence), 40-6-48 (improper lane change), and 40-6-253 (open container), his case again appeared on a trial calendar. His counsel then sent a letter to the trial court requesting a continuance because Jeter was absent from the country. The letter stated that Jeter, a defense contractor, was "on some sort of top secret mission to the Middle East," and that "the apparent security of the mission, during the on-going war, has made it impossible to get the necessary data to back up this request."

The trial court, however, denied the request, and after Jeter failed to appear his cash bond was forfeited on October 17, 2002. On December 4, 2002, Jeter's counsel wrote the trial judge expressing his surprise that he had learned that Jeter's bond had been forfeited and stating his intent to seek to have the case reopened. The letter further stated that counsel was "requesting that this court rescind any order of forfeiture. If a hearing is necessary, please have your staff notify my office in order that appropriate documents can be filed." The record does not reflect that this letter to the trial judge was filed until it was attached as an exhibit to Jeter's motion to reopen the case that was filed on November 19, 2003.

The motion contended that the case should be reopened because no bond forfeiture was granted by the court after a hearing as required by OCGA § 17-6-71 (a).[1] Although contending that this Code section was inapplicable to Jeter's situation because he posted a cash bond for a traffic offense, see OCGA §§ 17-6-8[2] and

---

[1] The judge shall, at the end of the court day, upon the failure of the principal to appear, forfeit the bond and order an execution hearing not sooner than 120 days but not later than 150 days after such failure to appear. Notice of the execution hearing shall be served within ten days of such failure to appear by certified mail or statutory overnight delivery to the surety at the address listed on the bond or by personal service to the surety within ten days of such failure to appear at its home office or to its designated registered agent. Service shall be considered complete upon the mailing of such certified notice.

[2] If any person arrested for a misdemeanor arising out of a violation of the laws of this state relating to (1) traffic or the operation or licensing of motor vehicles or operators; . . . gives a cash bond for his appearance as provided in Code Section 17-6-5 and fails to appear on the date, time, and place specified in the citation or summons without legal excuse, the court may order said cash bond forfeited without

40-13-58,[3] the State also moved to dismiss the motion because it was untimely. Thereafter, finding that Jeter's motion was barred by the 180-day time limit established in OCGA § 40-13-33[4] for challenging misdemeanor traffic offenses, the trial court granted the State's motion. This appeal followed.

Pretermitting whether Jeter's cash bond was properly revoked, OCGA § 40-13-33 bars consideration of his motion. Under OCGA § 40-13-33 (a) any challenge to a traffic conviction must be made within 180 days of the date the conviction becomes final,[5] and the failure to do so divests the court of jurisdiction. OCGA § 40-13-33 (d). As this Code section applies "to 'all challenges to final convictions' of misdemeanor traffic offenses . . . ," *Brown v. Earp*, 261 Ga. 522, 524 (407 SE2d 737) (1991), Jeter's challenge to his bond forfeiture was time barred, *Walker v. State*, 199 Ga. App. 701, 702-703 (405 SE2d 887) (1991), and the trial court did not err by dismissing his motion to reopen his case.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

---

the necessity of complying with the statutory procedure provided for in the forfeiture of statutory bail bonds. A judgment ordering the case disposed of and settled may be entered by the court and the proceeds shall be applied in the same manner as fines. If the court does not enter a judgment ordering the case disposed of and settled, the forfeiture of the cash bond shall not be a bar to subsequent prosecution of the person charged with the violation of such laws.

[3] Where a defendant cited for a traffic violation posts a cash bond according to the schedule set up by court order and fails to appear in court at the term of court and on the day set in the original citation and complaint, then and in that event, such failure shall be construed as an admission of guilt and the cash bond may be forfeited without the necessity for the statutory procedure provided for the forfeiture of statutory bail bonds. A judgment of guilty may be entered accordingly, ordering the case disposed of and settled. The proceeds of the cash bond shall be applied and distributed as any fine imposed by said court would be. Nothing in this Code section shall be construed as preventing the judge from ordering the defendant to appear and stand trial.

[4] (a) Any challenge to a misdemeanor conviction of any of the traffic laws of this state or the traffic laws of any county or municipal government which may be brought pursuant to Chapter 14 of Title 9 must be filed within 180 days of the date the conviction becomes final. (b) Any challenge to a conviction specified in subsection (a) of this Code section which became final before March 28, 1986, must be filed within 180 days following March 28, 1986. (c) When the commissioner of motor vehicle safety is named as the respondent, all such petitions must be brought in the Superior Court of Fulton County. (d) Failure to file the challenge within the time prescribed in this Code section shall divest the court of jurisdiction.

[5] This Code section "limits such attacks to within the first 180 days after the conviction has been finally adjudicated, even if a habeas petition could be brought and would be successful." *Earp v. Brown*, 260 Ga. 215, 216 (2) (a) (391 SE2d 396) (1990).

DECIDED AUGUST 26, 2004.

*Gregory W. Holt*, for appellant.

*Alan R. Tawse, Jr.,* Solicitor-General, *Arthur J. Creque,* Assistant Solicitor-General, for appellee.