**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 1, 2017**

# In the Court of Appeals of Georgia

A17A1188. MUNYE v. THE STATE.

A17A1189. BRICKHOUSE v. THE STATE.

A17A1190. WILLIAMS v. THE STATE.

BARNES, Presiding Judge.

These appeals arise out of the appellants' convictions for misdemeanor traffic offenses in the now-defunct Recorder's Court of DeKalb County (the "DeKalb Recorder's Court"). In Case No. A17A1188, Adan Munye appeals the dismissal of his motion to vacate his convictions for driving with a suspended license on the ground that they were void. Munye also appeals the denial of his motion to vacate his sentences for those offenses as void. In Case No. A17A1189, Brandon Brickhouse appeals the denial of his motion to vacate his sentence for driving with a suspended license as void, and in Case No. A17A1190, Christina Williams appeals the denial of

her motion to vacate her sentences for driving without valid insurance and driving with a suspended registration as void.[1]

For the reasons discussed below, we conclude that Munye was not entitled to pursue his motion to vacate his convictions because such a motion is not an appropriate remedy in a criminal case, and his motion could not be construed as a timely motion in arrest of judgment or other alternative motion. We further conclude that Munye and the other appellants were not entitled to pursue their motions to vacate their sentences because their motions were not the proper procedural vehicles for challenging the subject matter jurisdiction of the DeKalb Recorder's Court over misdemeanor traffic offenses, which is the dispositive issue in these cases. Accordingly, we must dismiss these appeals for lack of jurisdiction.[2]

*Case No. A17A1189*

1. On June 12, 2014, Munye was issued a uniform traffic citation for committing the misdemeanor traffic offense of driving with a suspended license in

---

[1] The appellants did not include enumerations of error in their briefs in violation of Court of Appeals Rule 22 (a) and Rule 25 (a) (2). Nevertheless, we will address the appellants' arguments to the extent that we are able to discern them from their notices of appeal and the record. See OCGA § 5-6-48 (f).

[2] The appeals were originally filed in the Supreme Court of Georgia, which transferred them to this Court.

2

violation of OCGA § 40-5-121 (a). On June 19, 2014, Munye was issued another uniform traffic citation for committing the same offense.

Munye was tried for the June 19 misdemeanor traffic offense in a bench trial before the DeKalb Recorder's Court on September 2, 2014. He was found guilty and sentenced to 12 months (with the first 5 days in custody and the remainder on probation), and ordered to pay a $600 fine and other fees.[3]

In late September 2014, for reasons somewhat unclear in the record, Munye was taken into custody for the June 12 misdemeanor traffic offense. On October 7, 2014, Munye appeared before the DeKalb Recorder's Court, entered a plea of nolo contendere, and was sentenced to time already served in jail.

Following his convictions and sentences, Munye did not file an application for a writ of certiorari to the Superior Court of DeKalb County within 30 days of the final determination of his cases in DeKalb Recorder's Court. See OCGA §§ 5-4-3; 5-4-6 (a).[4] Several months later, in June 2015, Munye filed a motion in DeKalb Recorder's

---

[3] Munye also was sentenced to three days to serve (to run concurrently with his five-day sentence) for contempt of court for being disruptive in court and disobeying an order to cease talking.

[4] Application for a writ of certiorari pursuant to OCGA § 5-4-3 was the appropriate procedure for obtaining direct review of a final decision of the DeKalb Recorder's Court. See *Smith v. Gwinnett County*, 247 Ga. App. 888, 889 (1) (545

3

Court seeking "relief for lack of subject matter jurisdiction" and requesting that his two convictions and sentences for the misdemeanor traffic offense of driving with a suspended license be vacated as void ab initio.

In his motion, Munye contended that both of his underlying convictions and sentences were void and should be vacated because the DeKalb Recorder's Court lacked subject matter jurisdiction to adjudicate and impose punishment for misdemeanor state traffic offenses. According to Munye, the DeKalb Recorder's Court purported to exercise jurisdiction over all misdemeanor state traffic offenses, which was inconsistent with the 1959 local act that created the court and the Georgia Constitution of 1983. Munye asserted that under the local act and the Georgia Constitution, the DeKalb Recorder's Court had jurisdiction to adjudicate county ordinance violations and certain state traffic laws if adopted into the county's ordinances, but not jurisdiction "to enforce state law as such," as the court had done in his two cases. Munye also argued that his sentences were void because they exceeded the punishment that could be imposed by the DeKalb Recorder's Court for

SE2d 147) (2001). See also DeKalb County Code of Ordinances, Appx. B, Local Constitutional Amendments, Local Acts and General Laws of Local Application, Art. XII, Div. 2, § 670 ("Review of any final order or judgment of said recorder's court shall be by certiorari to the superior court of DeKalb County in the manner prescribed by law for certiorari from justice courts . . . .").

4

county ordinance violations found in the DeKalb County Code of Ordinances. Munye alleged that he had spent time in jail, had paid improper fines and costs, and continued to have his license suspended by the Georgia Department of Driver Services because of his unlawful convictions and sentences.

The State opposed Munye's motion and sought to have it dismissed. The State argued that Munye's convictions were final and no longer subject to direct appeal, that Munye's motion to vacate his judgment of conviction was not an appropriate remedy in a criminal case, and that Munye's motion could not be construed as a timely filed motion in arrest of judgment or other alternative motion for seeking redress for allegedly void convictions. The State further argued that Munye's purported challenge to his sentences as void was in effect a challenge to his convictions and thus was procedurally improper.

Munye's motion was heard by a state court judge because of new legislation abolishing the DeKalb Recorder's Court.[5] Following a hearing, the state court entered

---

[5] In 2015, the General Assembly enacted legislation creating a new Traffic Division of the State Court of DeKalb County to hear all cases involving violations of the state traffic laws in that county. Ga. L. 2015, p. 3501 et seq. The Recorder's Court of DeKalb County was abolished and all pending actions relating to the violation of traffic offenses were transferred to the Traffic Division of the State Court of DeKalb County. Ga. L. 2015, pp. 3501, 3504. Subsequently, on October 30, 2015, the Chief Judge of the State Court of DeKalb County issued an order recusing all

5

an order dismissing Munye's motion to vacate his convictions. The state court ruled that a motion to vacate a void conviction is not an appropriate remedy under Georgia law and concluded that Munye's motion could not be construed as a timely and properly filed motion for arrest of judgment or other alternative motion. With respect to Munye's motion to vacate his sentence, the trial court denied the motion, concluding that Munye's sentences fell within the statutory range of punishment for the misdemeanor traffic offense of driving with a suspended license and thus were not void. Munye now directly appeals these rulings by the state court.

(a) Munye contends that the state court erred in dismissing his motion to vacate his criminal convictions as void. We disagree.

It is well-settled that a motion to vacate a judgment of conviction as void is not an appropriate remedy in a criminal case. See *Harper v. State*, 286 Ga. 216, 217-218 (1) (686 SE2d 786) (2009); *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d

judges on that court from the appellants' cases challenging the jurisdiction of the DeKalb Recorder's Court to enter misdemeanor sentences. The appellants' cases thereafter were reassigned to a judge in the State Court of Fulton County. See Uniform State Court Rule § 25.4 (E); Uniform State Court Rules, Note ("Uniform Rules for the Superior Courts shall be applicable in State Courts" with certain exceptions).

6

665) (2010).[6] Rather, a defendant attacking his underlying conviction is limited to timely filing a motion for new trial, a direct appeal from his criminal conviction, a motion to withdraw his guilty plea, an extraordinary motion for new trial, a motion in arrest of judgment, or a petition for the writ of habeas corpus. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013); *Harper*, 286 Ga. at 217-218 (1); *Collins v. State*, 338 Ga. App. 886, 888 (1), n. 8 (792 SE2d 134) (2016). If Munye's motion cannot be construed as one of these alternative filings, his direct appeal from the denial of his motion to vacate his convictions is subject to dismissal. See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010); *Harper*, 286 Ga. at 218 (2); *Jones v. State*, 322 Ga. App. 269, 272 (1) (745 SE2d 1) (2013).

Of the alternative filings listed above, Munye's sole argument is that his motion should have been construed as a timely motion in arrest of judgment under OCGA § 17-9-61.[7] However, his motion to vacate his conviction as void cannot be

---

[6] Munye contends that a motion to vacate a void conviction is proper under OCGA § 17-9-4, but that contention was expressly rejected by our Supreme Court in *Harper*, 286 Ga. at 217-218 (1). See *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d 665) (2010).

[7] OCGA § 17-9-61 (a) provides that "[w]hen a judgment has been rendered, either party may move in arrest thereof for any defect not amendable which appears on the face of the record or pleadings."

construed as a motion in arrest of judgment or other alternative motion attacking his underlying conviction in light of OCGA § 40-13-33 (a). That statutory subsection provides:

> Any challenge to a misdemeanor conviction of any of the traffic laws of this state or the traffic laws of any county or municipal government which may be brought pursuant to Chapter 14 of Title 9 [habeas corpus] must be filed within 180 days of the date the conviction becomes final.

OCGA § 40-13-33 (a). A defendant's failure to comply with the 180-day time limitation divests a court of jurisdiction to hear the challenge to the traffic conviction. OCGA § 40-13-33 (d).

Our Supreme Court has held that the 180-day limitation period contained in OCGA § 40-13-33 (a) does not apply "only to attacks by petition for habeas corpus relief." *Brown v. Earp*, 261 Ga. 522, 522 (407 SE2d 737) (1991). Rather, the limitation period applies broadly to any challenge to a misdemeanor traffic conviction that could have been brought by means of a petition for habeas corpus,"regardless of whether the challenge was actually made by that procedure." Id. at 523. See *Earp v. Brown*, 260 Ga. 215, 216 (2) (a) (391 SE2d 396) (1990); *Allen v. State*, 267 Ga. App. 85, 88 (4) (598 SE2d 832) (2004) (whole court); *Jeter v. State*, 269 Ga. App. 266, 267 (603 SE2d 783) (2004); *Walker v. State*, 199 Ga. App. 701, 702-703 (405 SE2d 887)

8

(1991). Accordingly, pursuant to OCGA § 40-13-33 (a), any challenge brought by Munye to his misdemeanor traffic convictions that could have been brought by means of habeas corpus had to be brought within 180 days of his convictions becoming final. See id. And, here, Munye could have challenged his misdemeanor traffic convictions by means of habeas corpus.

Munye's claim was that the DeKalb Recorder's Court lacked subject matter jurisdiction to adjudicate and impose punishment for misdemeanor traffic offenses, and a collateral challenge to a conviction based on the alleged lack of jurisdiction of a recorder's court can be made by a petition for habeas corpus. See *Gibson v. Gober*, 204 Ga. 714 (51 SE2d 664) (1949); *Clarke v. Johnson*, 199 Ga. 163 (33 SE2d 425) (1945); *Brooks v. Sturdivant*, 177 Ga. 514 (170 SE 369) (1933). See also *Walker*, 199 Ga. App. at 703 (noting that defendant "could have challenged his misdemeanor traffic conviction by habeas corpus petition since he attacked the jurisdiction of the probate court"). A challenge to a nolo plea also can be made by a petition for habeas corpus. See *Allen*, 267 Ga. App. at 88. Because Munye could have pursued a challenge to his misdemeanor traffic convictions by means of a habeas corpus

9

petition,[8] the 180-day time limitation imposed by OCGA § 40-13-33 (a) applied in this case. See *Brown*, 261 Ga. at 523; *Allen*, 267 Ga. App. at 88; *Jeter*, 269 Ga. App. at 267; *Walker*, 199 Ga. App. at 702-703.

Munye undisputedly filed his motion attacking his misdemeanor traffic convictions more than 180 days after his convictions became final in DeKalb Recorder's Court, and thus his motion was time-barred under OCGA § 40-13-33 (a), no matter how that motion was construed. Consequently, contrary to Munye's argument on appeal, his motion could not be construed as a timely filed motion in arrest of judgment, and he was not entitled to pursue his claim attacking his criminal convictions as void.[9] His direct appeal of the state court's dismissal of his motion to

---

[8] "While the chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail, the remedy has in modern times been made available where there are significant restraints on the petitioner's liberty other than physical custody." (Citations and punctuation omitted.) *Hardison v. Martin*, 254 Ga. 719, 720-721 (1) (334 SE2d 161) (1985). Suspension or revocation of a driver's license is a significant restraint on liberty, see id. at 721 (1), and Munye alleged in his motion that he continued to have his license suspended as a result of his convictions. See OCGA § 40-5-121 (b) (1) (requiring additional six-month suspension of driver's license for conviction of driving with a suspended license).

[9] OCGA § 17-9-61 (b) provides that a motion in arrest of judgment "must be made during the term at which the judgment was obtained." The State argues that a motion in arrest of judgment was not an appropriate remedy in this case because the DeKalb Recorder's Court was not a court of record and did not have terms of court,

10

vacate his convictions therefore must be dismissed. See *Williams*, 287 Ga. at 194; *Harper*, 286 Ga. at 218 (2); *Jones*, 322 Ga. App. at 272 (1).

(b) Munye next contends that the state court erred in denying his motion to vacate his sentences as void. According to Munye, even if the state court lacked jurisdiction to vacate his underlying convictions, the court should have separately vacated his sentences as void and resentenced him. We disagree under the circumstances of this case.

While a motion to vacate a void judgment is not an appropriate remedy in a criminal case, a trial court may vacate a void sentence at any time. *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010). But "a defendant cannot assert a claim that his conviction was unlawful . . . simply by dressing it up as a claim that his sentence was void." *von Thomas*, 293 Ga. at 572 (2) . A sentence is void only if "the court imposes a punishment that the law does not allow," *Collins v. State*, 338 Ga. App. 886, 888 (1) (792 SE2d 134) (2016) (citation and punctuation omitted), and where "the sentence imposed falls within the statutory range of punishment," it is not void. (Citation and punctuation omitted.) *Spargo v. State*, 332 Ga. App. 410, 411, (773

---

but we need not address this argument in light of our conclusion that OCGA § 40-13-33 (a) barred any motion challenging Munye's misdemeanor traffic convictions, no matter how styled.

11

SE2d 35) (2015). See *Jones v. State*, 278 Ga. 669, 670 (1) (604 SE2d 483) (2004); *Spencer v. State*, 309 Ga. App. 630, 631 (2) (710 SE2d 837) (2011). A direct appeal does not lie from the denial of a motion to vacate a sentence "unless it raises a colorable claim that the sentence is, in fact, void." *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Hence, if a defendant does not raise a colorable void-sentence claim, his appeal is subject to dismissal. Id. at 120.

Notably, in the present case, Munye does not argue that his sentences exceeded the statutory range of punishment for the state law misdemeanor traffic offense of driving with a suspended license found in OCGA § 40-5-121 (a). Rather, Munye contends that the sentences imposed upon him should have been restricted to the more limited punishments available for county ordinance violations contained in the DeKalb County Code of Ordinances. See DeKalb County Code of Ordinances, Appx. B, Local Constitutional Amendments, Local Acts and General Laws of Local Application, Art. XII, Div. 2, § 667 (a) (stating that for a single violation of a county ordinance, "the amount of the fine shall not exceed the sum of one thousand dollars ($1,000.00) and the period of any imprisonment or labor shall not exceed one

hundred twenty (120) days; and provided, further, that the judge may probate any part or all of any punishment imposed pursuant to this subsection.").[10]

The record reflects, however, that Munye was not prosecuted and convicted in DeKalb Recorder's Court of county ordinance violations, but rather for state law traffic misdemeanors over which the DeKalb Recorder's Court claimed to have jurisdiction to adjudicate and impose punishment. Both of Munye's uniform traffic citations accused him of violating OCGA § 40-5-121 under "State Law" rather than under a "Local Ordinance," and Munye was found guilty and plead nolo contendere to the state traffic offenses specified in those citations. Moreover, the DeKalb Recorder's Court held itself out as having jurisdiction over state law traffic misdemeanors, not merely county ordinance violations, as reflected in a standing order issued by the chief judge of that court stating that "Recorder's Court is vested with jurisdiction over . . . all of Title 40 of the Official Code of Georgia with the exception of vehicular manslaughter."

_____

[10] We note that Munye's sentence to time already served in jail for his conviction of the June 12 traffic offense did not exceed the punishment allowed under the DeKalb County Code of Ordinances. See DeKalb County Code of Ordinances, Appx. B, Local Constitutional Amendments, Local Acts and General Laws of Local Application, Art. XII, Div. 2, § 667 (a).

13

Under these circumstances, the issue in this case was not whether Munye's state law misdemeanor sentences exceeded the statutory range of punishment and thus were void; as previously noted, Munye's sentences did not exceed the range of punishment set forth in OCGA § 40-5-121 (a). See *Jones*, 278 Ga. at 670 (1); *Spargo*, 332 Ga. App. at 411; *Spencer*, 309 Ga. App. at 631 (2). Rather, the dispositive issue was whether the DeKalb Recorder's Court had subject matter jurisdiction to adjudicate and impose punishment for state law traffic misdemeanors or instead was limited to adjudicating and imposing punishments for county ordinance violations. But any "challenge to . . . [a] trial court's jurisdiction to hear the case is a challenge to the defendant's underlying conviction rather than to the defendant's sentence." *Richardson v. State*, 334 Ga. App. 344, 348-349 (3) (779 SE2d 406) (2015). See *Harper*, 286 Ga. at 216 (claim that trial court "lacked jurisdiction to hear his case" was challenge to defendant's conviction rather than his sentence); *Spargo*, 332 Ga. App. at 411, n. 2 ("A motion to vacate void judgment on the basis that the judgment was imposed by a court that was not the proper venue for the prosecution was a challenge to the defendant's conviction, not his sentence.") (citation omitted); *Matherlee*, 303 Ga. App. at 766, n. 3 (claim that trial court's judgment was void for lack of subject matter jurisdiction was challenge to conviction). Munye's motion to

14

vacate his sentence thus "was not the proper procedural vehicle for asserting his claims," which went to whether the DeKalb Recorder's Court had jurisdiction over the misdemeanor offenses for which he was tried and punished. *Richardson*, 334 Ga. App. at 349 (3).[11]

Because Munye's sentences did not exceed the statutory parameters for punishment and any challenge to the subject matter jurisdiction of the DeKalb Recorder's Court was a challenge to his underlying convictions rather than his sentences, Munye failed to raise a colorable claim that his sentences were void. The

---

[11] Munye argues on appeal that his motion to vacate his sentences could be construed as a timely motion to modify his sentences under OCGA § 40-13-32 (a) and (f). Munye, who never raised this argument in the state court, has failed to show from the existing record that there was "strict compliance" with all of the requirements of OCGA § 40-13-32 (a) for obtaining modification of a traffic law sentence 90 days after the entry of judgment, which included the requirement that the prosecuting official who brought the original charge be served with a copy of the rule nisi at least 10 days prior to the hearing on the defendant's motion. See OCGA § 40-13-32 (a) (2). Furthermore, as noted above, Munye's challenge went to his underlying convictions rather than to his sentences because it involved questions of subject matter jurisdiction, and thus the 180-day outer time limit imposed by OCGA § 40-13-33 (a) for attacking misdemeanor traffic convictions applied in this case to bar his motion. Additionally, given that Munye's challenge was to his underlying convictions rather than his sentences, his motion could not be construed as a motion to correct his sentences under OCGA § 17-10-1 (f), even assuming that the statute otherwise could be applied in the context of misdemeanor traffic sentences. See *Richardson*, 334 Ga. App. at 348-349 (3).

15

trial court's denial of Munye's motion to vacate his sentences therefore is not subject to direct appeal and must be dismissed. *Burg*, 297 Ga. App. at 119-120.

*Case Nos. A17A1189 and A17A1190*

2. Like Munye, Brickhouse and Williams were charged with misdemeanor traffic offenses in the DeKalb Recorder's Court and were sentenced for those offenses after they were found guilty at bench trials or entered pleas before that court. Their specific convictions and sentences were as follows.

Brickhouse, similar to Munye, was issued a uniform traffic citation for the misdemeanor traffic offense of driving with a suspended license in violation of OCGA § 40-5-121 (a). On August 14, 2014, Brickhouse entered a plea of nolo contendere in the DeKalb Recorder's Court. Brickhouse was ordered to pay a $1,000 fine and other costs, and he was sentenced to 12 months of probation, subject to early termination if the payment obligations and other probation conditions were met. Additionally, OCGA § 40-5-121 (b) (1) required that Brickhouse's license be suspended for an additional six months as result of his conviction, subject to his payment of a reinstatement fee.

Williams was issued uniform traffic citations for the misdemeanor traffic offenses of driving without valid insurance in violation of OCGA § 40-6-10 (b) and

16

driving with a suspended registration in violation of OCGA § 40-6-15 (a). On December 3, 2014, Williams was tried before the DeKalb Recorder's Court and was found guilty of both offenses. Williams was sentenced to two 12-month terms of probation (to run consecutive for a total of 24 months) and ordered to pay a $500 fine plus court costs or perform 50 hours of community service for each offense (for a total of $1,000 in fines plus court costs or 100 hours of community service). Her driver's license was suspended as a special condition of her probation.

After the DeKalb Recorder's Court was abolished, on August 7, 2015, Brickhouse filed a motion in the Traffic Division of the State Court of DeKalb County seeking to have his sentence vacated as void so that he could thereafter withdraw his plea of nolo contendere. On that same date, Williams filed a motion seeking to have her sentences vacated as void. The same state court judge who heard Munye's motion also denied the motions filed by Brickhouse and Williams.

Brickhouse and Williams now appeal the trial court's denial of their motions to vacate their sentences as void. As with Munye, however, the issue in Brickhouse and Williams' cases is not whether their sentences for their misdemeanor traffic offenses fell within the statutory parameters for punishment – they undisputedly did. See OCGA §§ 40-5-121 (a); 40-6-10 (b); 40-6-15 (b). Instead, the dispositive issue

17

is whether the DeKalb Recorder's Court had subject matter jurisdiction to adjudicate and impose punishment for state law traffic misdemeanors rather than merely county ordinance violations. Thus, Brickhouse and Williams' claims could not be pursued through a motion to vacate a void sentence, for the same reasons discussed supra in Division 1 (b).[12] Consequently, Brickhouse and Williams failed to raise a colorable claim that their sentences were void, and their appeals from the denial of their motions to vacate their sentences must be dismissed. *Burg*, 297 Ga. App. at 119-120.

*Appeals dismissed. McMillian and Mercier, JJ., concur*.

---

[12] Brickhouse and Williams' motions could not be construed as motions to modify their sentences under OCGA § 40-13-32 (a) and (f) or OCGA § 17-10-1 (f) for the same reasons discussed supra in footnote 11 of Division 1 (b).