# Court of Appeals
# of the State of Georgia

ATLANTA,  October 01, 2019

*The Court of Appeals hereby passes the following order:*

**A20D0069.  RONALD L. CLEMONS v. THE STATE.**

Ronald L. Clemons was convicted of armed robbery and other crimes. Following the denial of his motion for new trial, we affirmed his convictions on appeal in an unpublished opinion. *Clemons v. State*, Case No. A16A0782 (Oct. 27, 2016). Clemons later filed a pro se "Motion in Arrest, to Stay the Judgment, to Correct a Void Judgment and Sentence," which the trial court denied. Clemons then filed an application for a certificate of probable cause in the Supreme Court. The Supreme Court docketed the pleading as an application for discretionary appeal, concluded that it lacked subject matter jurisdiction, and transferred the matter here.

Although Clemons has not included a copy of his motion, his application states that he received ineffective assistance of counsel, and he wants a new trial. Thus, Clemons seeks to challenge to the validity of his convictions. A motion to vacate a judgment of conviction, however, is not an appropriate remedy in a criminal case. *Harper v. State*, 286 Ga. 216, 217-218 (1) (686 SE2d 786) (2009). Rather, "a claim that a conviction was unlawful must be asserted by [1] a motion for new trial, [2] direct appeal from a judgment of conviction, [3] extraordinary motion for new trial, [4] motion in arrest of judgment, or [5] petition for the writ of habeas corpus." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "If [Clemons's] motion cannot be construed as one of these alternative filings, his direct appeal from the denial of his motion . . . is subject to dismissal." *Munye v. State*, 342 Ga. App. 680, 683 (1) (a) (803 SE2d 775) (2017).

We are unable to construe Clemons's motion as any of the five alternative filings. He has already filed a motion for new trial and therefore cannot file a second

one. See OCGA § 5-5-41 (b). The motion was not a notice of direct appeal from his conviction, and – in any event – he has already had a direct appeal from his conviction and is not entitled to a second one. *Miller v. State*, 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003). The motion was not an extraordinary motion for new trial, as "a claim of ineffective assistance of trial counsel cannot form the basis for an 'extraordinary motion for new trial' when, as here, such claim could have been raised earlier." *Herrington v. State*, 265 Ga. App. 454, 457 (594 SE2d 682) (2004).[1] Nor was it a motion in arrest of judgment, as such motions "must be based on a non-amendable defect that appears on the face of the record or pleadings and must be made during the term at which the judgment was obtained." *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011). Finally, the motion was not a habeas corpus petition, as it was filed in the convicting court, rather than in the county in which Clemons is incarcerated. See *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004).

Because Clemons's motion cannot be construed as one of the five available methods for challenging a conviction on appeal following trial, his application must be, and hereby is, DISMISSED. See *Munye*, 342 Ga. App. at 683 (1) (a).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/01/2019*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] Although it appears that Clemons's ineffective assistance claim is based on the performance of trial counsel, to the extent he alleges that he received ineffective assistance of appellate counsel, his remedy is a petition for habeas corpus. See, e.g., *Crawford v. Thompson*, 278 Ga. 517 (603 SE2d 259) (2004).