# Court of Appeals
# of the State of Georgia

ATLANTA, September 24, 2019

*The Court of Appeals hereby passes the following order:*

**A20D0076.  ROBERT CAMPBELL v. HARRY J. ALTMAN, II.**

Robert Campbell was convicted of hijacking a motor vehicle and other crimes, and we affirmed his convictions on appeal. *Campbell v. State*, 314 Ga. App. 299 (724 SE2d 24) (2012). According to Campbell, in September 2018, he filed a motion to vacate a void judgment in his criminal case, arguing that the trial court erred by not declaring a mistrial after a juror wrote a note expressing misgivings about the case. When the trial court failed to rule on the motion, Campbell filed a petition for writ of mandamus seeking an order compelling the court to rule. On May 9, 2019, the trial court entered an order dismissing the mandamus petition, and on September 11, 2019, Campbell filed this application for discretionary appeal.[1] We lack jurisdiction because the application is untimely.

To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Campbell filed this application four months

---

[1] It appears that Campbell also filed a separate motion to vacate the judgment in his criminal case on a different ground – that the indictment was defective. In January 2019, he filed a mandamus petition seeking to compel a ruling on that motion. The trial court dismissed that mandamus petition as well, and Campbell filed a direct appeal. We dismissed the appeal for lack of jurisdiction because, as an incarcerated prisoner, Campbell was required to proceed by discretionary application. See Case No. A19A2481 (dismissed Aug. 5, 2019).

after entry of the order he wishes to appeal. The application is therefore untimely, and it is hereby DISMISSED for lack of jurisdiction.[2]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/24/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] While we are sympathetic to the frustration of litigants when trial courts fail to meet the deadlines of OCGA § 5-6-21, we call Campbell's attention to the Supreme Court's holding in *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009), that "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." Id. at 218 (1); see also *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) (listing traditionally recognized procedures for challenging criminal convictions); *Munye v. State*, 342 Ga. App. 680, 683 (1) (a) (803 SE2d 775) (2017) (same).