# Court of Appeals
# of the State of Georgia

ATLANTA, June 05, 2020

*The Court of Appeals hereby passes the following order:*

## A20D0382. LUCIOUS JOHNSON v. THE STATE.

Lucious Johnson filed this discretionary application from the trial court's order denying a motion for new trial filed more than 25 years after his convictions. For the reasons that follow, however, we are unable to entertain this application.

The history of the case shows that, in 1996, Johnson was convicted of three counts of aggravated assault, rape, and false imprisonment, and we affirmed his convictions on appeal. *Johnson v. State*, 238 Ga. App. 677 (520 SE2d 221) (1999). Johnson later filed both a motion to vacate a void sentence and an extraordinary motion for new trial. The trial court merged two of his convictions and vacated his sentence as to one count but otherwise denied the motions, and we again affirmed on appeal. *Johnson v. State*, 272 Ga. App. 294 (612 SE2d 29) (2005). Johnson then filed another motion to vacate a void sentence. The trial court denied the motion, and once more we affirmed, this time in an unpublished opinion. *Johnson v. State*, Case No. A13A1411 (affirmed July 16, 2013).

Johnson subsequently filed additional pro se motions, including a motion for an out-of-time appeal and a motion for relief from convictions due to actual innocence. The trial court denied the motions on the ground that its prior orders were "res judicata as to these matters." Johnson filed an application for discretionary appeal from this order, which we dismissed, specifically noting that Johnson was not entitled to an out-of-time appeal and that a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case. *Johnson v. State*, Case No. A15D0225 (dismissed Feb. 2, 2015). Johnson also filed a direct appeal from that trial court order, which this Court dismissed. *Johnson v. State*, Case No. A15A1214

(dismissed April 8, 2015). Thereafter, Johnson filed pro se motions, including a "Motion for Evidentiary Hearing to Demonstrate Actual Innocence, "Motion for Declaratory Judgment," "Motion for Appointment of Counsel," and "Motion to Set-Aside and Re-Enter Judgment." The trial court denied the motions in a single order on the ground that its prior orders were "res judicata as to these matters." Johnson then filed a direct appeal from that order, which this Court dismissed. *Johnson v. State*, Case No. A18A1921 (dismissed July 18, 2018).

In April 2020, Johnson filed a "Motion for New Trial and Appointment of Counsel," which appear to challenge the validity of his convictions and assert that his trial counsel rendered ineffective assistance of counsel. The trial court denied the motion, and Johnson filed this application for discretionary appeal. We lack jurisdiction.

"[A] claim that a conviction was unlawful must be asserted by [1] a motion for new trial, [2] direct appeal from a judgment of conviction, [3] extraordinary motion for new trial, [4] motion in arrest of judgment, or [5] petition for the writ of habeas corpus." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "If [Johnson's] motion cannot be construed as one of these alternative filings, his direct appeal from the denial of his motion . . . is subject to dismissal." *Munye v. State*, 342 Ga. App. 680, 683 (1) (a) (803 SE2d 775) (2017).

We are unable to construe Johnson's motion as any of the five alternative filings. He has already filed a motion for new trial and therefore cannot file a second one. See OCGA § 5-5-41 (b). The motion was not a notice of direct appeal from his conviction, and – in any event – he has already had a direct appeal from his conviction and is not entitled to a second one. *Miller v. State*, 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003). The motion was not an extraordinary motion for new trial, as "a claim of ineffective assistance of trial counsel cannot form the basis for an 'extraordinary motion for new trial' when, as here, such claim could have been raised earlier." *Herrington v. State*, 265 Ga. App. 454, 457 (594 SE2d 682) (2004). Nor was it a motion in arrest of judgment, as such motions "must be based on a non-amendable defect that appears on the face of the record or pleadings and must be made during

the term at which the judgment was obtained." *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011) (punctuation omitted). Finally, the motion was not a habeas corpus petition, as it was filed in the convicting court, rather than in the county in which Johnson is incarcerated. See *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004).

Because Johnson's motions cannot be construed as one of the five available methods for challenging his conviction on appeal following trial, his application must be, and hereby is, DISMISSED. See *Munye*, 342 Ga. App. at 683 (1) (a).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  06/05/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


*, Clerk.*