# Court of Appeals
# of the State of Georgia

ATLANTA,  September 06, 2022

*The Court of Appeals hereby passes the following order:*

## A23D0043. WALLACE CHAMBERS, JR. v. THE STATE.

In 2020, a jury convicted Wallace Chambers, Jr. of voluntary manslaughter and possession of a firearm during the commission of a crime. We affirmed his convictions on appeal in an unpublished opinion. See *Chambers v. State*, Case No. A21A0716, decided August 2, 2021. Chambers subsequently filed a pro se motion in which he sought to quash his convictions and the indictment, and the trial court dismissed Chambers's motion on res judicata and jurisdictional grounds. Chambers then filed this application for discretionary review.[1] We, however, lack jurisdiction.

A challenge to the validity of an indictment is a challenge to a criminal conviction. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008). The Supreme Court has explained that a motion seeking to challenge an allegedly invalid or void judgment of conviction is not a valid procedure for challenging the validity of a judgment in a criminal case. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (2) (686 SE2d 786) (2009). Rather, "a claim that a conviction was unlawful must be asserted by [1] a motion for new trial, [2] direct appeal from the judgment of conviction, [3] extraordinary motion for

---

[1] Chambers filed an "Application for Out-of-Appeal [sic]" in this Court, in which he asserted that the trial court's order is directly appealable. However, this pleading was properly docketed as an application for discretionary review because it was filed in this Court, rather than the trial court. Compare OCGA § 5-6-35 (d) (an application for discretionary review is filed in the appropriate appellate court), with OCGA § 5-6-37 (a notice of appeal must be filed "with the clerk of the court wherein the case was determined").

new trial, [4] motion in arrest of judgment, or [5] petition for the writ of habeas corpus." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). If Chambers's motion cannot be construed as one of these alternative filings, his application is subject to dismissal. See *Munye v. State*, 342 Ga. App. 680, 683 (1) (a) (803 SE2d 775) (2017).

We are unable to construe Chambers's motion as any of the five alternative filings. He has already filed a motion for new trial and therefore cannot file a second one. See OCGA § 5-5-41 (b). The motion was not a notice of direct appeal from his conviction, and – in any event – he is not entitled to a second direct appeal. *Miller v. State*, 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003). The motion was not an extraordinary motion for new trial because "issues with the indictment . . . – issues which should have been apparent at the time of [Chambers's] first appeal – cannot serve as the basis for an extraordinary motion for new trial." *Weaver v. State*, 359 Ga. App. 784, 787 (2) (860 SE2d 96) (2021). Nor was it a valid motion in arrest of judgment, as the motion was made outside the term at which the judgment was obtained. See *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011). Finally, the motion was not a habeas corpus petition, as it was filed in the convicting court, rather than in the county in which Chambers is incarcerated. See *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004).

Because Chambers's motion cannot be construed as one of the five available methods for challenging his conviction on appeal following trial, his application must be, and hereby is, DISMISSED. See *Munye*, 342 Ga. App. at 683 (1) (a).



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__09/06/2022_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, Clerk.