# Court of Appeals
# of the State of Georgia

ATLANTA,  October 21, 2022

*The Court of Appeals hereby passes the following order:*

## A23D0079. WILLIAM HOYT WHITTENBURG v. THE STATE.

In 2021, William Hoyt Whittenburg entered a negotiated plea to cocaine trafficking. He subsequently filed 24 post-conviction motions, which generally challenge the validity of the indictment, the sufficiency of the evidence, and the alleged malfeasance of various public officers. On August 29, 2022, the trial court entered an order summarily denying Whittenburg's motion without identifying which motion it was addressing. Whittenburg then filed this application for discretionary appeal reiterating his challenges to the indictment and the evidence. He also alleges that he received ineffective assistance at his plea hearing.

As a threshold matter, we note that no provision of the discretionary application statute applies to the order Whittenburg seeks to appeal. See OCGA § 5-6-35 (a). Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Here, however, the trial court's order is not subject to direct appeal.

Although it is unclear what motion the trial court purported to rule upon, all of Whittenburg's motions challenge the validity of his conviction. The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Rather, "a claim that a conviction was unlawful must be asserted by a motion for new trial, direct appeal from the judgment of conviction, extraordinary motion for new trial, motion in arrest of judgment, or petition for the writ of habeas corpus." *von*

*Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Where, as here, none of the post-conviction filings can be construed as one of these motions, the action is subject to dismissal. See *Munye v. State*, 342 Ga. App. 680, 683 (1) (a) (803 SE2d 775) (2017). For these reasons, this application for discretionary appeal is hereby DISMISSED.

In connection with this application, Whittenburg filed a Rule 40 (b) emergency motion. In light of our dismissal of this application, the emergency motion is hereby DISMISSED as moot.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/21/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*