# Court of Appeals
# of the State of Georgia

ATLANTA,  March 25, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1080. DANIEL MIRACLE v. THE STATE.**

In September 2018, Daniel Miracle pled guilty to two counts of child molestation. He was sentenced to twenty years for each count, to run concurrently, with the first eight years to be served in confinement and the remainder on probation. As a special condition of probation, Miracle was prohibited from any contact with minors, including his own children. In December 2023, Miracle filed a motion to modify his sentence to allow visitation with his minor children. The trial court denied the motion, finding that it lacked jurisdiction to modify Miracle's sentence, and he appeals. For the reasons that follow, the appeal must be dismissed.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it had here, a trial court may modify only a void sentence, and an appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. Id. A sentence is void if the court imposes punishment that the law does not allow, most often because the sentence falls outside the statutory range of punishment. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Miracle filed his motion to modify his sentence after the period to file a motion to modify under OCGA § 17-10-1 (f) had expired. Thus, Miracle was not entitled to relief under that provision. Additionally, Miracle's sentence is not void because it does not fall outside the statutory range of punishment. See OCGA § 16-6-4 (b) (1)

(providing that the maximum sentence for a first offense of child molestation is 20 years). Because Miracle has not raised a colorable claim that his sentence is void, this appeal is hereby DISMISSED. See *Munye v. State*, 342 Ga. App. 680, 687 (1) (b) (803 SE2d 775) (2017).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*__03/25/2024_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*